TUCKER MANUF'G CO. (LADD v.). See Case No. 7,974.

TUCKER MANUF'G CO. (TUCKER v.). See Case No. 14,227.

## Case No. 14,230.

### TUDOR v. The EAGLE.

[5 Hunt. Mer. Mag. 262.]

District Court, D. Massachusetts. Sept., 1841.

SEAWORTHINESS—BURDEN OF PROOF—LOSS OF CARGO—STRESS OF WEATHER.

This was a libel [by Frederick Tudor] against the ship Eagle, for the value of a cargo of ice shipped on board of her by libellant, in January, 1840, and valued in the bills of lading at between two and three thousand dollars, and destined to the island of Jamaica. It appeared from the evidence that within twenty-four hours after leaving port, the ship sprung a leak, which continued to increase, until, for the purpose of lightening her and getting at the leak, a portion of the cargo was thrown overboard. But the leak still continuing, the ship was put away for Bermuda, where she arrived in about seven days from the time of her departure; and it being impossible to store the ice, or otherwise preserve it, while she underwent repairs, the residue of it was thrown overboard.

In behalf of the libellant, it was contended that there is always an implied warranty on the part of the owners that the vessel is tight, stanch, and seaworthy, and fit for the voyage; and when, without any extraordinary occurrence, she springs a leak immedi-

ately after leaving port. It is for the owner to prove her seaworthiness at the inception of the voyage. The defendant maintained that the leak was caused by stress of weather such as might have produced the consequences proved, even to a seaworthy vessel.

It appeared that the Eagle was an Eastern built vessel and fifteen years old; and the opinion of experts was given that the log-book did not show any remarkable stress of weather, such as ought not to have been expected at the season of the year in which the voyage was undertaken.

DAVIS, District Judge, sustained the positions taken by the libellant, and decided that the vessel was unseaworthy at the commencement of the voyage, and the libellant was entitled to recover the value of the cargo, and a decree was entered accordingly.